NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 27, 2018
Decided April 10, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-1624

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:12-cr-00082-TLS-SLC-1 |
| CHRISTIAN SHELTON, *Defendant-Appellant*. | Theresa L. Springmann, *Chief Judge*. |

## O R D E R

Christian Shelton challenged his aggregate sentence of 240 months' imprisonment in light of *Dean v. United States*, 137 S. Ct. 1170 (2017), contending that the district court committed plain error in not considering his 60-month minimum sentence under 18 U.S.C. § 924(c) when it imposed on him a consecutive 180-month sentence for maintaining a drug-involved premises, 21 U.S.C. § 856. (Shelton also received a 120-month sentence, to run concurrently with his drug-offense sentence, for illegally possessing a firearm, 18 U.S.C. § 922(g).) We issued a limited remand to the district court judge to determine whether she would impose the same sentence now that *Dean*

permits her to reduce the sentence for predicate offenses because of the minimum § 924(c) sentence. *See United States v. Shelton*, No. 17-1624, 2018 WL 1393743, at *2 (7th Cir. Mar. 20, 2018).

The district court judge has responded that she would have imposed on Shelton an identical sentence of 240 months' imprisonment. Since Shelton's sentence would remain the same he cannot show plain error. *See United States v. Paladino*, 401 F.3d 471, 483–84 (7th Cir. 2005). We will therefore set aside his sentence only if it is unreasonable. *See United States v. Adams*, 879 F.3d 826, 829 (7th Cir. 2018).

Shelton argues that his 180-month sentence for his drug and firearm-possession convictions is unreasonable because his drug offense, alone, would merit a Guidelines range of only 46 to 57 months. But the district court properly found that in addition to the instant drug offense, Shelton had two prior robbery convictions, rendering him a career offender under U.S.S.G. § 4B1.1(a). That designation, coupled with his § 924(c) conviction, exposed him to a 360-months-to-life Guidelines range. *See id.* § 4B1.1(c). Shelton's total sentence was well below that range, and a below-Guidelines sentence, like a within-Guidelines sentence, is presumed reasonable, *see United States v. Gumila*, 879 F.3d 831, 837 (7th Cir. 2018). That presumption applies even if the sentence is based on the career-offender Guidelines, *see United States v. Smith*, 721 F.3d 904, 907 (7th Cir. 2013), and Shelton presents no persuasive reason to rebut it.

AFFIRMED